IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN ZORRILLA,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-06-2407 |
| NATHANIEL QUARTERMAN,<br>　　　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Martin Zorrilla, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction for possession of a controlled substance with intent to deliver. Respondent filed a motion for summary judgment. (Docket Entry No. 8.) Petitioner responded. (Docket Entry No. 9.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case.

### I.  PROCEDURAL BACKGROUND

Following the denial of his motion to suppress, petitioner pleaded guilty to possession of a controlled substance with intent to deliver and was sentenced to forty years incarceration. The conviction was affirmed on appeal. *Zorrilla v. State*, No. 07-05-00153-CR (Tex. App. – Amarillo 2005, no pet.) (not designated for publication). Petitioner did not seek discretionary review. His state habeas application was denied by the Texas Court of

1

Criminal Appeals without a written order on June 21, 2006. *Ex parte Zorrilla*, No. 64,115-02.

Petitioner filed the instant federal petition on July 15, 2006, raising claims for ineffective assistance of counsel and a grossly-disproportionate sentence. Respondent seeks summary judgment dismissing these claims.

## II. THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or

2

unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual

3

prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel provided ineffective assistance at the suppression hearing and at sentencing. Petitioner entered a guilty plea in this case. His plea waived claims of ineffective assistance of counsel except as to those alleged deficiencies related to the plea itself. *See Cook v. Lynaugh*, 821 F.2d 1072, 1074 (5th Cir. 1987); *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983). Petitioner makes no claim that counsel's alleged ineffectiveness caused him to enter an involuntary guilty plea, and his Sixth Amendment claims were waived by the plea. Regardless, his claims of ineffective assistance of counsel are without merit, as shown below.

A.   Ineffective Assistance at the Suppression Hearing

Petitioner asserts that had counsel investigated the facts and known the law, the trial court would have found entrapment and suppressed the evidence. In other words, petitioner claims that but for counsel's deficient performance, the results of the suppression hearing would have been different.

It is unclear from the record whether the trial court considered the merits of an entrapment defense during the suppression hearing. S.F. Vol. 3, pp. 4-5, 28. At the hearing, counsel examined the State's confidential informant. The informant testified that he contacted petitioner to arrange a cocaine deal, and that petitioner asked him how much he needed and what he wanted to pay, and told him it would take a couple of hours. *Id.*, pp. 7-8. The informant requested eleven kilos, but petitioner told him he could provide an initial sale of four kilos then a later sale of seven kilos. *Id.*, pp. 21-22. The informant testified that

5

petitioner told him where to meet, and was suspicious of the undercover officer who arrived with the informant. *Id.*, pp. 9-10. When the officer cut into the cocaine brick, petitioner suddenly sped away from the scene. *Id.*, p. 14. He was apprehended a short distance away. Petitioner did not testify at the suppression hearing.

At the conclusion of the suppression hearing, trial counsel asked the court to consider an entrapment defense. The trial court responded that, "Well, I haven't seen anything much to rule on as far as entrapment, but I'm ready to rule on your Motion to Suppress." *Id.*, p. 28. In his closing argument, counsel argued the following:

> The sentencing range in this deal, the sentencing, the possible sentencing range for this crime, it stands upwards of twenty years. Mr. Zorrilla made a mistake. If he arranged the buy and displayed the drugs, he made a mistake. But, your Honor, truthfully, I submit Mr. Zorrilla has never been in trouble with the law before.
>
> Mr. Zorrilla perhaps, made a mistake at that point. But during the PSI investigation, I respectfully ask the Court to consider my client's lack of sophistication and his lack of – his lack of sophistication and the level of sophistication of the people involved in this deal with him.
>
> Did he make a mistake, your Honor? Yes. However, there were some questions at this point. The Court does have the power to consider the weight of all evidence presented before sentencing Mr. Zorrilla. I respectfully submit that during the sentencing the Court should consider my client's lack of sophistication and the level of sophistication of those involved in assisting him in making this transaction.
>
> I wish there was more I could say; but based on the evidence presented, there is not really much more to say. *In fact, I really don't know how I made it this far, your Honor.* But the truth is somewhere in the case, and I hope that you consider all of it when making a sentence.

*Id.*, pp. 29-30 (emphasis added). The trial court denied the motion to suppress.

Petitioner argues that the italicized portion of counsel's closing argument proves that counsel "either did not have a clue as to how to raise entrapment, or the Petitioner did not have an entrapment defense." (Docket Entry No. 1, p. 3.) Petitioner asks this Court to assume the former explanation over the latter and find counsel ineffective. Petitioner's proposed course of judicial conduct runs directly counter to the *Strickland* presumption of competency. *See Strickland*, 466 U.S. at 689. Petitioner presents no probative evidence of a valid entrapment defense or of any evidence counsel failed to utilize, and he fails to rebut the *Strickland* presumption of competency. Petitioner further fails to demonstrate that but for counsel's purported deficient performance at the suppression hearing, the motion would have been granted.

In denying habeas relief, the state court found that there were no controverted, previously unresolved facts material to the legality of petitioner's confinement requiring an evidentiary hearing. The court further found that:

> Applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

*Ex parte Zorrilla*, p. 24 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

B. <u>Ineffective Assistance at Sentencing</u>

Petitioner complains that by allowing him to plead guilty without a sentencing recommendation, trial counsel chose an unreasonable trial strategy. The record shows that following the denial of his motion to suppress, petitioner entered a guilty plea. The trial court ordered a presentencing investigation (PSI). At the ensuing sentencing hearing, the trial court reviewed the PSI, heard argument of counsel, and sentenced petitioner to forty years incarceration and a $150,000.00 fine.

In denying habeas relief, the state court found that there were no controverted, previously unresolved facts material to the legality of petitioner's confinement requiring an evidentiary hearing. The court further found that:

> Applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

*Ex parte Zorrilla*, p. 24 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

8

In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West*, 92 F.3d at 1400. In support of his claim, petitioner presents this Court with nothing more than his conclusory allegation that "no competent lawyer would have pled his client into an 'open plea' bargain that left the sentencing of the defendant at the discretion of the court." (Docket Entry No. 1, p. 7.) He neither claims nor presents probative evidence showing that a sentence shorter than forty years was offered by or was otherwise available from the State. Petitioner's unsupported allegations are insufficient to raise a genuine issue of material fact precluding summary judgment under the standards imposed by 28 U.S.C. §§ 2254(d)(1), (2). Petitioner establishes neither deficient performance nor prejudice under *Strickland*.

The state habeas court rejected petitioner's argument under *Strickland*. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

### IV.   GROSSLY-DISPROPORTIONATE SENTENCE

Petitioner contends that his forty-year sentence is grossly disproportionate to the charged offense and constitutes cruel and unusual punishment in violation of the Eighth Amendment. Petitioner acknowledges that his sentence is within the statutory range of

punishment, but argues that it is his first criminal conviction, his actions did not cause anyone monetary loss, and that "many persons convicted of possession of a controlled substance have received lesser sentences than forty years." (Docket Entry No. 1, p. 4.)

Although the trial court reviewed petitioner's PSI prior to sentencing, the PSI was not admitted into evidence and is not before this Court. Nevertheless, the record shows that the trial court was familiar with the facts of the offense as it heard testimony from both sides at the suppression hearing. At the hearing, the State presented evidence showing that petitioner had agreed to provide eleven kilos of cocaine, in two transactions of four and seven kilos each. Petitioner obtained the four kilos of cocaine within a few hours and met with the confidential informant and uncover police officer to complete the sale. Petitioner presented testimony of the confidential information that selling four kilos of cocaine to a total stranger would not be smart, and that petitioner ran from the scene after the undercover police officer stuck a knife into the container of cocaine.

Neither side presented any additional evidence at the sentencing hearing. The State, emphasizing that petitioner had agreed to supply eleven kilos of cocaine, asked the court for a fifty-year sentence. The State also noted that it had been forced to reveal the confidential informant's identity. Petitioner, on the other hand, argued that he was an uneducated, unsophisticated person who had been "duped" into committing the offense by persons "far more sophisticated" than he. The trial court assessed punishment at forty years incarceration and a $150,000.00 fine.

10

In rejecting petitioner's claim of a grossly-disproportionate sentence, the state court made the following relevant findings:

> 2. Applicant plead guilty to possession of a controlled substance, namely more than 400 grams of cocaine, which is a felony of the first degree.
>
> 3. The applicable punishment range for a first-degree felony is imprisonment for life or for any term not less than five (5) and not more than ninety-nine (99) years.
>
> 4. Applicant fails to show that his sentence is illegal.

*Ex parte Zorrilla*, p. 24 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

The Supreme Court has specifically rejected the principle that the Eighth Amendment contains a sentencing proportionality guarantee. *Harmelin v. Michigan,* 501 U.S. 957 (1991). In *Harmelin,* the Supreme Court reaffirmed that for crimes classified as felonies, punishable by significant terms of imprisonment in state prison, the length of the sentence actually imposed is purely a matter of legislative prerogative. If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *Smallwood v. Johnson,* 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense").

In *Hutto v. Davis,* 454 U.S. 370 (1982) (per curiam), a defendant was sentenced to two consecutive terms of twenty years in prison for possession with intent to distribute nine ounces of marijuana and distribution of marijuana. The Supreme Court upheld the sentence as constitutional. The Court noted that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare. *Id.* at 374.

For purposes of this Court's federal habeas review of the issue, "[T]he only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003). Petitioner fails to demonstrate that his sentence falls within the realm of an exceedingly rare and extreme case meriting constitutional remediation.

Petitioner fails to show that the state court's rejection of his claim for grossly disproportionate sentencing was contrary to or an unreasonable application of federal constitutional law as clearly established by the Supreme Court, or an unreasonable determination of the facts in the record. Respondent is entitled to summary judgment on this issue.

## V.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 8) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH**

PREJUDICE. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 18th day of May, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE